CLERK'S COPY
FILED
AT ALBUQUERQUE NM
AUG - 6 1999
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLIE L. EDWARDS,

    Plaintiff,

v.    No. CIV-99-0747 JC/RLP

WACKENHUT CORRECTION CORPORATION,
NEW MEXICO DEPARTMENT OF CORRECTION,
(SECRETARY ROB PERRY), LEA COUNTY
CORRECTION CORPORATION (KENNETH BATSON,
COUNTY COMMISSIONER), AND GARY JOHNSON,
(GOVERNOR OF STATE), LOUISIANA/TEXAS CERT.
TEAM,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2), Fed.R.Civ.P. 12(b)(6), and 42 U.S.C. § 1997e(e). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir.

1992).

The complaint alleges that Plaintiff was subjected to a strip search and was required, "for no logical reason," to remain naked for twenty minutes in the presence of female officers as well as other inmates who were passing between assignments. As a result, Plaintiff suffered mental anguish and emotional distress. He seeks declaratory judgment that Defendants "are liable," and compensatory and exemplary damages.

Allegations of mental and emotional injury can support claims for constitutional violations. Under the Fourth Amendment, "prisoners do retain a limited constitutional right to bodily privacy, particularly as to searches viewed or conducted by members of the opposite sex," *Hayes v. Marriott*, 70 F.3d 1144, 1146 (10th Cir. 1995), and "a prisoner's right to privacy may be violated by a single search." *Id.* at 1147. Furthermore, "mental and emotional distress can constitute a compensable injury in suits for damages under 42 U.S.C. § 1983 based upon violations of constitutional rights." *Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir.1997) (citing *Carey v. Piphus*, 435 U.S. 247, 264 (1978)). On the other hand, remedies for non-physical injuries have been severely limited by the 1996 amendments to 42 U.S.C. § 1997e. Under § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Plaintiff asserts only emotional and mental injuries, and his claims appear to be subject to the provisions of § 1997e(e).

The absence of physical injury does not necessarily act as a categorical bar to all suits based on emotional or mental injury. "Courts have generally construed this provision as a limitation on the relief a prisoner can receive for injuries suffered while in custody." *Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 807 (10th Cir.1999) (citing *Zehner*, 133 F.3d at 463). If, however, the

2

only injury claimed is mental or emotional, " 'such a suit cannot stand.' " *Perkins*, 165 F.3d at 807 (quoting *Zehner*, 133 F.3d at 461). As stated by the Seventh Circuit, "if the only form of injury claimed in a prisoner's suit is mental or emotional (for example, if the prisoner claimed that the small size of his cell was driving him crazy), the suit is barred in its entirety." *Robinson v. Page*, 170 F.3d 747, 749 (7th Cir. 1999). Here, Plaintiff alleges only emotional and mental injury, and his claims for compensatory damages must be dismissed.

Although Plaintiff's remaining claims for punitive damages and declaratory relief are not barred by § 1997e(e), *Flanery v. Wagner*, No. 98-3235, 1999 WL 314615, at *2 (10th Cir. May 19, 1999); *Perkins*, 165 F.3d at 808, these claims will also be dismissed. First, although punitive damages may be sought even if Plaintiff were initially entitled to only nominal damages, *Perkins*, 165 F.3d at 808 n.6, "punitive damages are available under 42 U.S.C. § 1983 only for conduct which is 'shown to be motivated by evil motive or intent[] or when it involves reckless or callous indifference to the federally protected rights of others.' " *Flanery*, 1999 WL 314615, at *2 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). As in *Flanery*, no such allegations are made here. And second, as described above, if Defendants are not liable for causing the asserted injury, no basis exists for the declaratory relief sought. *Cf. Perkins*, 165 F.3d at 808. Plaintiff's complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims are DISMISSED, and an order of dismissal shall be entered in accordance with this opinion.

/s/ John Edwards
UNITED STATES DISTRICT JUDGE

3